1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                    **CENTRAL DISTRICT OF CALIFORNIA**
10
11   Hector R.S.,                              )   Case No. 2:23-cv-07047-SP
12                    Plaintiff,               )
13          v.                                 )
                                               )   **MEMORANDUM OPINION AND**
14   LELAND DUDEK, Acting                      )   **ORDER**
     Commissioner of Social Security           )
15   Administration,                           )
                                               )
16                    Defendant.               )
17                                             )
                                               )
18   _____          )

19                                    **I.**

20                             **INTRODUCTION**

21          On August 25, 2023, plaintiff Hector R.S. filed a complaint against defendant, the

22   Commissioner of the Social Security Administration ("Commissioner"), seeking a review

23   of a denial of an application for a period of disability and disability insurance benefits

24   ("DIB"). The parties have briefed the issues in dispute, and the court deems the matter

25   suitable for adjudication without oral argument.

26          Plaintiff presents two disputed issues for decision: (1) whether the administrative

27   law judge ("ALJ") failed to properly evaluate the medical opinion of treating physician

28   Dr. Barry Rosenblum; and (2) whether the ALJ failed to properly evaluate plaintiff's

1

1 | subjective symptom testimony.  Plaintiff's Memorandum in Support of the Petition for

2 | Review ("P. Mem.") at 3-9; *see* Defendant's Brief ("D. Mem.") at 2-8.

3 |     Having carefully studied the parties' memoranda, the Administrative Record

4 | ("AR"), and the decision of the ALJ, the court concludes that, as detailed herein, the ALJ

5 | erred in evaluating the medical opinion of Dr. Rosenblum and improperly discounted

6 | plaintiff's subjective symptom testimony.  Consequently, the court remands the matter to

7 | the Commissioner in accordance with the principles and instructions stated in this

8 | Memorandum Opinion and Order.

9 | **II.**

10 | **FACTUAL AND PROCEDURAL BACKGROUND**

11 |     Plaintiff was 44 years old on his alleged disability onset date, March 31, 2020.  AR

12 | at 69.  He completed high school and has past relevant work as a mechanical drafter.  AR

13 | at 44, 48.

14 |     On April 5, 2021, plaintiff filed an application for a period of disability and DIB

15 | due to a lumbar disc ailment.  AR at 70.  The Commissioner denied plaintiff's application

16 | initially and upon reconsideration, after which plaintiff filed a request for a hearing.  AR

17 | at 83-87, 95-100, 119-21.

18 |     On June 27, 2022, plaintiff, represented by counsel, appeared and testified at a

19 | hearing before the ALJ.  AR at 30, 32-43.  The ALJ also heard testimony from June

20 | Hagen, a vocational expert.  AR at 43-52.  On September 30, 2022, the ALJ denied

21 | plaintiff's claim for benefits.  AR at 10-18.

22 |     Applying the well-known five-step sequential evaluation process, the ALJ found,

23 | at step one, that plaintiff had not engaged in substantial gainful activity since March 31,

24 | 2020, the alleged onset date.  AR at 13.

25 |     At step two, the ALJ found plaintiff suffered from the severe impairments of

26 | degenerative disc disease of the lumbar spine and obesity. *Id.*

27 |

28 |

1      At step three, the ALJ found plaintiff's impairments, whether individually or in

2  combination did not meet or medically equal one of the listed impairments set forth in 20

3  C.F.R. part 404, Subpart P, Appendix 1.  *Id.*

4      The ALJ then assessed plaintiff's residual functional capacity ("RFC") and

5  determined plaintiff could perform sedentary work with the limitations that plaintiff can:

6  lift and carry ten pounds occasionally and less than ten pounds frequently; stand and/or

7  walk two hours in an eight-hour workday with the use of cane for ambulation and

8  balance; kneel, crouch, crawl, and climb ramps or stairs; never climb ladders, ropes, or

9  scaffolds; never work at unprotected heights; and never work around moving mechanical

10  parts.  AR at 14.

11      The ALJ found, at step four, that plaintiff was capable of performing his past

12  relevant work as a mechanical drafter.  AR at 18.  Consequently, the ALJ determined

13  plaintiff did not suffer from a disability as defined by the Social Security Act ("Act").  *Id.*

14      Plaintiff filed a timely request for review of the ALJ's decision, which the Appeals

15  Council denied.  AR at 1-3.  The ALJ's decision stands as the final decision of the

16  Commissioner.

17                    **III.**

18             **<u>STANDARD OF REVIEW</u>**

19      This court is empowered to review decisions by the Commissioner to deny

20  benefits.  42 U.S.C. § 405(g).  The findings and decision of the Social Security

21  Administration must be upheld if they are free of legal error and supported by substantial

22  evidence.  *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001) (as amended).  But

23  if the court determines the ALJ's findings are based on legal error or are not supported by

24  substantial evidence in the record, the court may reject the findings and set aside the

25  decision to deny benefits.  *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001);

26  *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

27      "Substantial evidence is more than a mere scintilla, but less than a preponderance."

28  *Aukland*, 257 F.3d at 1035.  Substantial evidence is such "relevant evidence which a

3

1    reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*,

2    157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d at 459.  To determine whether

3    substantial evidence supports the ALJ's finding, the reviewing court must review the

4    administrative record as a whole, "weighing both the evidence that supports and the

5    evidence that detracts from the ALJ's conclusion." *Mayes*, 276 F.3d at 459.  The ALJ's

6    decision "cannot be affirmed simply by isolating a specific quantum of supporting

7    evidence." *Aukland*, 257 F.3d at 1035 (internal quotation marks and citation omitted).  If

8    the evidence can reasonably support either affirming or reversing the ALJ's decision, the

9    reviewing court "may not substitute its judgment for that of the ALJ." *Id.* (internal

10    quotation marks and citation omitted).

11                                             **IV.**

12                                       **<u>DISCUSSION</u>**

13    **A.      <u>The ALJ Erred in Evaluating Dr. Rosenblum's Opinion</u>**

14            Plaintiff contends the ALJ improperly evaluated the medical opinion of treating

15    physician Dr. Barry Rosenblum.  P. Mem. at 3-7.  In particular, plaintiff argues the ALJ's

16    supportability and consistency analysis was flawed and not supported by the record.

17            Residual functional capacity is what one can "still do despite [his or her]

18    limitations."  20 C.F.R. § 404.1545(a)(1).  The evidence an ALJ relies on in an RFC

19    assessment includes medical evidence and opinions.  20 C.F.R. §§ 404.1545(a)(3).  An

20    ALJ considers the persuasiveness of the medical opinions and findings based on five

21    factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4)

22    specialization; and (5) other factors that tend to support or contradict the medical opinion.

23    20 C.F.R. § 404.1520c(b)-(c).  The most important of these factors are supportability and

24    consistency.  20 C.F.R. § 404.1520c(b)(2).

25            The ALJ "must 'articulate . . . how persuasive' [he or she] finds 'all of the medical

26    opinions' from each doctor or other source . . . and 'explain how [he or she] considered

27    the supportability and consistency factors' in reaching these findings." *Woods v.*

28    *Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) (quoting 20 C.F.R. § 404.1520c(b)(2)).  The

1  ALJ may, but generally is not required to, explain how she or he considered the other

2  three factors.  20 C.F.R. § 404.1520c(b)(2).  But when two or more medical opinions

3  "about the same issue are both equally well-supported . . .  and consistent with the record

4  . . . but are not exactly the same," the ALJ is then required to explain how "the other most

5  persuasive factors in paragraphs (c)(3) through (c)(5)" were considered.  20 C.F.R. §

6  404.1520c(b)(3).

7       Dr. Rosenblum has been treating plaintiff for lumbar pain since November 17,

8  2003.  AR at 413.  According to Dr. Rosenblum, plaintiff has had "intermittent

9  exacerbations of pain since 2014," and had been treating the pain with IcyHot patches

10  and Celebrex, a non-steroidal anti-inflammatory ("NSAID") pain reliever.  AR at 408,

11  413.  Dr. Rosenblum stated plaintiff had an electromyogram and nerve conduction study

12  (EMG/NCS) in February 2020, which indicated plaintiff had lumbar radiculopathy with

13  denervation.  AR at 408.  He also noted plaintiff has had at least two epidural shots as of

14  January 2021, but they did not significantly alleviate his pain.  *Id.*  Dr. Rosenblum stated

15  that plaintiff reported severe back pain that had not improved over the course of several

16  follow-up visits throughout 2021 and 2022.  AR at 358, 364, 421, 458, 464.  He also

17  noted plaintiff reported a number of medications and other medical interventions

18  including NSAID pain relievers, gabapentin, tramadol, physical therapy, and acupuncture

19  had not improved his lower back pain.  AR at 358, 364, 421.

20       On August 25, 2021 and May 17, 2022, Dr. Rosenblum completed a medical

21  opinion form for plaintiff.  AR at 413-417, 503-07.  The opinions are largely the same,

22  with some greater or additional restrictions in the later opinion.  Dr. Rosenblum noted

23  plaintiff experienced constant pain, a limited range of motion, and an unstable gait.  AR

24  at 413, 503.  He reported plaintiff had an MRI of his lumbar region, which was abnormal.

25  *Id.*  Dr. Rosenblum opined plaintiff required hourly unscheduled breaks lasting 15

26  minutes per hour.  AR at 414, 504.  Dr. Rosenblum found plaintiff required the use of a

27  cane to stand and walk as a result of his back pain and imbalance, and by May 2022

28  found plaintiff could only sit less than two hours in a workday for 20 minutes at a time

5

1    and could only stand or walk less than two hours in a workday for 15 minutes at a time.

2    AR at 415, 504-05.  He opined plaintiff could lift less than 10 pounds frequently, lift 10

3    pounds occasionally, and by May 2022 never lift 20 pounds.  AR at 415, 505.  Dr.

4    Rosenblum also opened plaintiff would be off task approximately 25% or more of the

5    time at work and may be absent more than four days per month due to his impairments.

6    AR at 416, 506.

7          In reaching his RFC determination, the ALJ found Dr. Rosenblum's opinion to be

8    unpersuasive, particularly his opinions that plaintiff would be off task 25% or more of the

9    time, absent from work more than 4 days per month, and required hourly breaks.  AR at

10   17.  The ALJ explained he found Dr. Rosenblum's opinion to be unpersuasive because it

11   was not well-supported and was inconsistent with other medical evidence.  *Id.*  Plaintiff

12   contends that the ALJ erred by failing to adequately articulate his reasons for rejecting

13   Dr. Rosenblum's opinion.  P. Mem. at 3.

14         The ALJ first reasoned Dr. Rosenblum's opinion was not supported because "there

15   were insufficient references to medically acceptable objective clinical findings."  AR at

16   17.  The ALJ noted for many of the limitations he rejected, Dr. Rosenblum simply

17   checked a box on the opinion form, providing no explanation as to why those limitations

18   were medically indicated.  AR at 17, 504-06.  As the Ninth Circuit has explained, an

19   "'ALJ may permissibly reject check-off reports that do not contain any explanation of the

20   bases of their conclusions.'"  *Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020) (quoting

21   *Molina v. Astrue*, 674 F.3d 1104 (9th Cir. 2012) (cleaned up)).  While plaintiff argues

22   that Dr. Rosenblum did explain the basis of his conclusions on the form by citing

23   plaintiff's abnormal lumbar MRI, chronic pain, and decreased range of motion, the form

24   itself provides no explanation as to how he reached his conclusion that the particular

25   limitations in question were necessary.  *See* AR 413-17, 503-07.

26         Even so, Dr. Rosenblum also indicated on the form opinions that he considered a

27   number of factors in reaching his conclusions, including his experience treating plaintiff

28   over time, plaintiff's response to treatment, and the consistency between plaintiff's

6

1   complaints and his abnormal lumbar MRI.  AR at 416, 506.  As discussed above, Dr.

2   Rosenblum's treatment notes in the record include objective evidence of lumbar

3   radiculopathy with denervation, and also reflect plaintiff's struggles to treat his pain over

4   time.  The ALJ specifically characterized plaintiff's treatment as being "limited and

5   conservative," and found this treatment does not support Dr. Rosenblum's opinion.  AR

6   at 17.  Contrary to the ALJ's assertions, plaintiff's course of treatment was not

7   conservative.  Plaintiff attempted several different types of treatments including epidural

8   shots, physical therapy, NSAID pain relievers, opioid pain relievers, and gabapentin,

9   none of which proved effective.  *See* AR at 464.  Courts have routinely found that a

10  combination of epidural injections and strong pain relievers does not constitute

11  "conservative treatment."  *Garrison v. Colvin*, 759 F.3d 995, 1015, n.20 (9th Cir. 2014);

12  *see also Christine G. v. Saul*, 402 F. Supp. 3d 913, 926 (C.D. Cal. 2019) (collecting

13  cases).  Based on plaintiff's multiple epidurals and use of tramadol alone, the ALJ's

14  characterization of plaintiff's treatments as "conservative" is inappropriate.  The ALJ's

15  reasoning that Dr. Rosenblum's opinion was not supported by the medical evidence was

16  thus flawed.

17          The ALJ also reasoned that Dr. Rosenblum's opinion was inconsistent with other

18  medical and nonmedical sources, including the consultative exam performed by Dr. Yu.

19  AR at 16-17.  Dr. Yu found plaintiff walked with a right-sided limp and had a relatively

20  normal cervical and thoracic spine.  AR at 511-12.  Dr. Yu also found that plaintiff had

21  significant lumbosacral guarding, pain, and limited range of motion in the lumbar spine,

22  though no muscle atrophy.  AR at 512-13.  Dr. Yu opined plaintiff is able to stand, walk,

23  and sit for six hours out of an eight-hour day and only requires a cane for walking long

24  distances.  AR at 513-514.  Dr. Rosenblum's opinion that plaintiff can only sit and stand

25  or walk for less than two hours out of an eight-hour day and needs hourly 15-minute

26  breaks is markedly more limited than Dr. Yu's conclusions.  *Compare* AR 504-06, *with*

27  AR 513-14.  There are therefore significant inconsistencies between Dr. Rosenblum's

28  and Dr. Yu's opinions.

1    Nonetheless, on balance, the ALJ's evaluation of Dr. Rosenblum's opinion

2    contains errors, particularly in his supportability analysis.  The ALJ must reconsider Dr.

3    Rosenblum's opinion on remand.

4    **B.    <u>The ALJ Improperly Assessed Plaintiff's Subjective Complaints</u>**

5    Plaintiff argues the ALJ failed to properly evaluate plaintiff's subjective symptom

6    testimony.  P. Mem. at 7-9.  In particular, plaintiff states the ALJ failed to provide clear

7    and convincing reasons for discounting plaintiff's testimony regarding his lower back

8    pain and other symptoms.  *Id.*

9    The court looks to Social Security Ruling ("SSR") 16-3p for guidance on

10   evaluating plaintiff's alleged symptoms.  In adopting SSR 16-3p, the Social Security

11   Administration sought to "clarify that subjective symptom evaluation is not an

12   examination of an individual's character."  SSR 16-3p, 2017 WL 5180304, at *2 (Oct.

13   25, 2017).

14       [SSR 16-3p] makes clear what our precedent already required: that

15       assessments of an individual's testimony by an ALJ are designed to evaluate

16       the intensity and persistence of symptoms after the ALJ finds that the

17       individual has a medically determinable impairment(s) that could reasonably

18       be expected to produce those symptoms, and not to delve into wide-ranging

19       scrutiny of the claimant's character and apparent truthfulness.

20   *Trevizo v. Berryhill*, 871 F.3d 664, 678 n.5 (9th Cir. 2017) (cleaned up).

21   To evaluate a claimant's symptom testimony, the ALJ engages in a two-step

22   analysis.  *Christine G.*, 402 F. Supp. 3d at 921 (citing *Trevizo,* 871 F.3d at 678).  First,

23   the ALJ must determine whether the claimant produced objective medical evidence of an

24   underlying impairment that could reasonably be expected to produce the symptoms

25   alleged.  *Id.*  Second, if the claimant satisfies the first step and there is no evidence of

26   malingering, the ALJ must evaluate the intensity and persistence of the claimant's

27   symptoms and determine the extent to which they limit her ability to perform work-

28   related activities.  *Id.*

1    In assessing intensity and persistence, the ALJ may consider: the claimant's daily
2  activities; the location, duration, frequency, and intensity of the symptoms; precipitating
3  and aggravating factors; the type, dosage, effectiveness, and side effects of medication
4  taken to alleviate the symptoms; other treatment received; other measures used to relieve
5  the symptoms; and other factors concerning the claimant's functional limitations and
6  restrictions due to the symptoms.  *Id*. (citing 20 C.F.R. § 416.929); SSR 16-3p at *4;
7  *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996).  To reject the claimant's subjective
8  symptom statements at step two, the ALJ must provide "specific, clear, and convincing"
9  reasons, supported by substantial evidence in the record, for doing so.  *Burrell v. Colvin*,
10  775 F.3d 1133, 1136-37 (9th Cir. 2014); *Smolen*, 80 F.3d at 1281, 1283-84.

11    At the first step, the ALJ found plaintiff's medically determinable impairments
12  could reasonably be expected to cause plaintiff's alleged symptoms.  AR at 14.  At the
13  second step, because the ALJ did not find any evidence of malingering, the ALJ was
14  required to provide clear and convincing reasons for discounting plaintiff's testimony.
15  The ALJ found plaintiff's statements concerning the intensity, persistence, and limiting
16  effects of his symptoms were "not entirely consistent with the medical evidence and other
17  evidence in the record."  AR at 14-15.

18    Although the ALJ was somewhat oblique in his reasoning for discounting
19  plaintiff's testimony, he indicated he found plaintiff's claimed subjective symptoms were
20  not credible because he received non-aggressive, conservative treatment.  AR at 16-17.
21  But as explained above, plaintiff's course of treatment was not conservative.  While it is
22  true some courts view the use of epidural injections as conservative, many of those cases
23  involve only occasional or even a single epidural injection.  *See, e.g.*, *Jones v. Comm'r of*
24  *Soc. Sec.*, 2014 WL 228590, at *7 (E.D. Cal. Jan. 21, 2014) (occasional use of epidural
25  injections in conjunction with massages and anti-inflammatory medications could be
26  considered conservative); *Veliz v. Colvin*, 2015 WL 1862924, at *8 (C.D. Cal. Apr. 23,
27  2015) (single steroid injection did not undermine ALJ's finding that plaintiff received
28  conservative treatment); *Gonzales v. Colvin*, 2015 WL 685347, at *11 (C.D. Cal. Feb. 18,

1  2015) (treatment consisting of medication and a single steroid injection was

2  conservative).  Many other courts have found that the use of epidurals in conjunction

3  with other treatments should not be considered conservative.  *See e.g., Virginia M. v.*

4  *Saul*, 2019 WL 13071985 at *8 (C.D. Cal. Aug. 5, 2019) (periodic epidural injections do

5  not constitute conservative treatment); *Rawa v. Colvin*, 672 Fed. App'x 664, 667 (9th Cir.

6  2016) (multiple epidural injections combined with pain medications are "neither routine

7  nor conservative"); *Veronica S. v. Comm'r of Soc. Sec.*, 2023 WL 5208803, at *6 (C.D.

8  Cal. Aug. 14, 2023) (combination of epidural injections and facet point cervical

9  injections is not conservative treatment).

10       Here, plaintiff's records indicate that he has received lumbar acupuncture,

11  chiropractic care, physician therapy, as well as two epidural injections, none of which

12  alleviated his symptoms.  AR at 464.  Significantly, plaintiff did not receive additional

13  epidural injections because the first two did not improve his symptoms.  *Id.*  Plaintiff has

14  been prescribed Celebrex (an NSAID pain reliever), gabapentin (used to relieve

15  neuropathic pain), and tramadol (an opioid pain reliever) to alleviate his lower back pain.

16  *Id.*  Plaintiff was also recommended bilateral facet blockers but was waiting for insurance

17  authorization before proceeding.  *Id.*  As such, plaintiff's treatments are not properly

18  characterized as conservative in nature.

19       The ALJ also indicated he found plaintiff's subjective symptoms were not

20  supported by objective medical evidence.  AR 15-17.  In particular, the ALJ noted that

21  although plaintiff had some abnormalities, such as disc protrusions and facet

22  hypertrophy, "there is no significant objective evidence of sensory loss or motor

23  weakness."  AR at 16.  The ALJ also noted plaintiff's most recent MRI shows that his

24  condition is not worsening.  *Id.* This objective evidence may reasonably be found to

25  contradict plaintiff's subjective testimony, but the court will not analyze it further.  An

26  ALJ "may not reject a claimant's subjective complaints based solely on a lack of

27  objective medical evidence to fully corroborate the alleged severity of pain."  *Bunnell v.*

28  *Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991); *see also Burch v. Barnhart*, 400 F.3d 676,

1  680 (9th Cir. 2005).  Apart from his determination that plaintiff received only

2  conservative treatment, which was not a clear and convincing reason to discount

3  plaintiff's testimony, the ALJ gave no other reason except the purported lack of objective

4  evidentiary support.  This was insufficient.

5          Accordingly, the ALJ erred in discounting plaintiff's testimony.

6                                          **V.**

7                          **REMAND IS APPROPRIATE**

8          The decision whether to remand for further proceedings or reverse and award

9  benefits is within the discretion of the district court.  *McAllister v. Sullivan*, 888 F.2d 599,

10  603 (9th Cir. 1989).  Typically, in accordance with the "ordinary remand rule," the

11  reviewing court will remand to the Commissioner for additional investigation or

12  explanation upon finding error by the ALJ.  *Treichler v. Comm'r of Soc. Sec.*, 775 F.3d

13  1090, 1099 (9th Cir. 2014).  Nonetheless, it is appropriate for the court to exercise its

14  discretion to direct an immediate award of benefits where: "(1) the record has been fully

15  developed and further administrative proceedings would serve no useful purpose; (2) the

16  ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether

17  claimant testimony or medical opinions; and (3) if the improperly discredited evidence

18  were credited as true, the ALJ would be required to find the claimant disabled on

19  remand."  *Garrison*, 759 F.3d at 1020 (setting forth three-part credit-as-true standard for

20  remanding with instructions to calculate and award benefits).  But where there are

21  outstanding issues that must be resolved before a determination can be made, or it is not

22  clear from the record that the ALJ would be required to find a plaintiff disabled if all the

23  evidence were properly evaluated, remand for further proceedings is appropriate.  *See*

24  *Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d

25  1172, 1179-80 (9th Cir. 2000).  In addition, the court must "remand for further

26  proceedings when, even though all conditions of the credit-as-true rule are satisfied, an

27  evaluation of the record as a whole creates serious doubt that a claimant is, in fact,

28  disabled."  *Garrison*, 759 F.3d at 1021.

Here, remand is required because the ALJ failed to properly consider plaintiff's subjective symptoms, and also erred in evaluating Dr. Rosenblum's medical opinion.  On remand, the ALJ shall reassess Dr. Rosenblum's opinion in terms of its supportability and consistency.  The ALJ shall also reconsider plaintiff's subjective complaints and either credit his testimony or provide clear and convincing reasons supported by substantial evidence for rejecting it.  The ALJ shall then proceed through steps two, three, four, and five to determine what work, if any, plaintiff was capable of performing.

## VI.

## CONCLUSION

IT IS THEREFORE ORDERED that Judgment shall be entered REVERSING the decision of the Commissioner denying benefits, and REMANDING the matter to the Commissioner for further administrative action consistent with this decision.

Dated: March 24, 2025

SHERI PYM
United States Magistrate Judge